UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| PHILLIP M. HARRIS,<br>　　　　Petitioner, | Case No. 1:15-cv-372 |
| | Barrett, J. |
| vs. | Bowman, M.J. |
| WARDEN, ROSS<br>CORRECTIONAL INSTITUTION,<br>　　　　Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Ross Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his Hamilton County, Ohio aggravated murder conviction. (Doc. 5). This matter is before the Court on respondent's motion to transfer the petition to the Sixth Circuit (Doc. 10) and petitioner's response in opposition. (Doc. 11).

Petitioner raises the following three grounds for relief in the petition:

GROUND ONE: The trial court erred in denying petitioner's motion to suppress his statements to police.

GROUND TWO: The trial court erred to petitioner's prejudice in admitting damaging testimony.

GROUND THREE: The trial court erred to petitioner's prejudice by accepting and journalizing verdicts of guilty to possession and trafficking, in violation of the due process clauses of the Ohio and United States Constitutions.

(Doc. 5).

This is not the first federal habeas corpus petition filed by petitioner with this Court challenging his Hamilton County conviction. On January 25, 2010, petitioner filed his first habeas petition. *See Harris v. Warden*, Case No. 1:10-cv-43 (S.D. Ohio Jan. 25, 2010) (Dlott, J.; Litkovitz, M.J.) (Doc. 1). Petitioner raised the following three grounds for relief in his prior petition:

> GROUND ONE: The trial court erred in denying defendant's motion to suppress his statements to police. Defendants statements are involuntary when he is interrogated extensively in a custodial setting before being informed of his right to silence and to counsel, and only waives those rights after making damaging statements.
>
> GROUND TWO: The trial court erred to defendants prejudice in admitting hearsay testimony. I was denied constitutional right to confrontation and due process when the state was permitted to use the pretrial deposition of a key eyewitness and to introduce hearsay evidence from her in deposition.
>
> GROUND THREE: The trial court erred to defendant's prejudice by accepting and journalizing a verdict of guilty to aggravated murder, in violation of the due process clauses of the Ohio and United States Constitutions. The evidence presented was insufficient, as a matter of law, to establish my participation in the offense charged, and the jury's verdict was against the manifest weight of the evidence.

*Id.* This Court denied the petition after concluding that the claims in the petition were procedurally defaulted. *Id.,* Docs. 14, 18, 19.

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id. See Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010); *In re Cook,* 215 F.3d 606, 607 (6th Cir. 2000).

In this case, petitioner is attacking the same conviction and sentence challenged in his prior petition.[1] The Court's decision denying the prior petition on the ground that his claims were procedurally defaulted constitutes an adjudication on the merits. *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000) (holding that dismissal of petition based on unexcused procedural default of claims in state court is considered "on the merits"). In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent habeas application. Therefore, the instant petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b), and this Court lacks jurisdiction to consider it without petitioner's first obtaining authorization from the Sixth Circuit.

When a prisoner has filed a second or successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth

---

[1] Petitioner appears to raise the same three grounds for relief as he did in his prior petition. In Ground Three, petitioner argues that he should have been convicted of voluntary manslaughter instead of aggravated murder. To the extent that petitioner intends to raise a claim distinct from the sufficiency of evidence claim raised in Ground Three of his prior petition, the "new" claim is still subject to transfer under 28 U.S.C. § 2244(b)(2). Petitioner has not demonstrated that his claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable or that the factual basis for these claims could not have been discovered previously through the exercise of due diligence.

Circuit for consideration as required under § 2244(b)(3). *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2d Cir. 1996)).

Accordingly, it is hereby recommended that respondent's motion to transfer petitioner's second habeas petition to the Sixth Circuit (Doc. 10) be **GRANTED**.

## IT IS THEREFORE RECOMMENDED THAT:

Respondent's motion to transfer petitioner's habeas petition to Sixth Circuit Court of Appeals (Doc. 10) be **GRANTED**, and the petition for a writ of habeas corpus (Doc. 5) be **TRANSFERRED** pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for consideration whether the district court may review the petition in accordance with 28 U.S.C. § 2244(b).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PHILLIP M. HARRIS,　　　　　　　　　　Case No. 1:15-cv-372
　　Petitioner,
　　　　　　　　　　　　　　　　　　　　Barrett, J.
　vs.　　　　　　　　　　　　　　　　　Bowman, M.J.

WARDEN, ROSS
CORRECTIONAL INSTITUTION,
　　Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).